# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONTAVIOUS TAY SMITH,**

        **Plaintiff,**

**v.**                                             **Case No:   6:15-cv-527-Orl-37KRS**

**CRITELLI'S AUTO MART, LLC,**
**NICHOLAS C. CRITELLI, AMSCOT**
**FINANCIAL, INC., CREDIT ONE BANK,**
**N.A. and TD BANK, N.A.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 9)** |
| **FILED:** | **April 24, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.      PROCEDURAL HISTORY.

        On March 31, 2015, Plaintiff Dontavious Smith ("Smith") filed his complaint against Defendants Critelli's Auto Mart, LLC d/b/a Tropical Motor Sales ("Critelli's); Nicholas C. Critelli; Amscot Financial Inc. ("Amscot"); Credit One Bank N.A. ("Credit One"); and TD Bank, N.A ("TD Bank").   Doc. No. 1.   The complaint alleged violations of 42 U.S.C. § 1985(3); the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1581(a), 1592, 1593A, and 1595(a); and 18 U.S.C.

§§ 1344, 1346, and 1358.   *Id.* ¶¶ 47–56, 65–68.   The complaint also raised a claim for breach of an implied covenant of good faith and fair dealing.   *Id.* ¶¶ 57–64.   With the complaint, Smith also filed an unsigned application to proceed *in forma pauperis*.   Doc. No. 2.

The Court dismissed Smith's complaint without prejudice on April 17, 2015, because it was an impermissible shotgun pleading.   Doc. No. 6.   The Court afforded Smith leave to replead and stated that, if he did so, "the Amended Complaint should clearly delineate which factual allegations are relevant to which claim."   *Id.*   Given the dismissal of the complaint, the Court denied Smith's motion to proceed *in forma pauperis* as moot.   *Id.*

On April 24, 2015, Smith filed a renewed motion to proceed *in forma pauperis*.   Doc. No. 9. On April 27, 2015, he also filed an amended complaint.   Doc. No. 10.   The amended complaint dropped the claims under 42 U.S.C. § 1985(3) and for breach of an implied covenant of good faith and fair dealing.   Smith asserts all remaining claims against each defendant, and each count incorporates all of the paragraphs that precede the counts.   *Id.* ¶¶ 37, 40.

Smith's application for leave to proceed *in forma pauperis* has been referred to me for issuance of this Report and Recommendation.

## II.    ALLEGATIONS OF THE AMENDED COMPLAINT

In February 2013, Critelli's had an opening for a detailing position at Tropical Motors.   Doc. No. 10 ¶ 19.   Smith's uncle, "Mr. Willis," introduced Smith to Critelli's and its manager, Nicholas Critelli, in connection with the position.   *Id.*   Nicholas Critelli explained the position and its time requirements, and informed Smith that he would be paid $8.00 per hour "under the table."   *Id.*   At that time, Smith informed Critelli that he was on food stamps, lived with his grandmother, and would need to ride his bicycle to work.   *Id.* ¶ 20.   They each verbally agreed to the working terms discussed, and Smith began working immediately.   *Id.* ¶ 21.

Smith thereafter provided his services periodically.  *Id.*  At times, however, he refused to provide services to Critelli's due to "verbal abuse" and "threats of 'unemployment.'"  *Id.*  Smith contends that he was mistreated because he was sent home early from work, worked in unsanitary conditions and bad weather, yelled and laughed at, sent to Orlando and Miami without money or food to conduct business, and blamed for mistakes or damages without proper investigation.  *Id.* ¶ 34.  When he did work, Smith performed a variety of tasks, ranging from business repairs to transportation of customers.  *Id.* ¶ 26.  Critelli's and its manager paid Smith weekly.  *Id.* ¶ 28.

Smith contends that Critelli's and Nicholas Critelli developed a "[s]cheme to benefit financially from [Smith], his public figure likeness and his services as an 'illegal worker' detailing cars."  *Id.* ¶ 23.  He contends that they "hid[] or transferr[ed] assets or income, such as [Smith]'s employment income, in banks such as TD [Bank]."  *Id.* ¶ 24.  Critelli's and its manager allegedly did not pay "social security taxes, unemployment insurance and[/]or worker's compensation on behalf of [Smith]."  *Id.* ¶ 25.  He claims that he "does not get the proper tax credits" because "Critelli's and its Manager[] did not pay their allotted taxes and avoided other employment and payroll obligations."  *Id.*

TD Bank provides banking and other financial services to Critelli's and Nicholas Critelli.  *Id.* ¶ 10.  Critelli's paid Smith through a TD Bank personal check and, on a few occasions, recommended that Smith purchase financial services from Amscot.  *Id.* ¶ 28.  Smith indicates that, through this recommendation, he was "forc[ed]" to cash his check at Amscot.  *Id.*  He states that Amscot charged him approximately $6.70 for each check it processed.  *Id.*  He claims that Amscot provided him the only "viable" financial services.  *Id.* ¶ 11.

Credit One sent Smith a letter in the mail informing his that he had been pre-approved for a $1,500.00 credit line on a Credit One Visa Platinum Card.  *Id.* ¶ 29.  Smith claims that Credit One

Bank targeted him as "a poor and illegal worker." *Id.* Credit One did not require that Smith provide proof of employment. *Id.* ¶ 12. Credit One also charged fees after Smith "agree[d] to terms to rebuild his credit" and after Smith "kn[ew] he would not receive his pre-qualified $1500.00." *Id.* ¶ 29; *see also id.* ¶¶ 12, 30. Credit One did not endeavor to help Smith rebuild his credit or to provide him rewards. *Id.* ¶ 12. On more than one occasion, Credit One held Smith's money orders for more than ten days before processing them, and then posted late fees to Smith's account. *Id.* ¶ 31. Smith relied on the income from his employment with Critelli's to pay his credit balance with Credit One. *Id.* ¶ 32. He paid his credit balance through Amscot money orders at no cost. *Id.*

On February 28, 2015, after "verbal abuse and intimidation" from Critelli's and Nicholas Critelli, Smith quit his job. *Id.* ¶ 33. Nicholas Critelli told Smith to return to the office a 6:00 p.m. that same day to receive his final paycheck. *Id.* Smith "thanked Critelli's and its Manager for the opportunity to work illegally," and informed them that he would attempt to run for Mayor of Cocoa. *Id.*

Smith alleges that he is currently living below the poverty line and continuing to rely on food stamps because of the actions of Defendants. *Id.* ¶ 14. He requests wide-ranging relief, including, *inter alia*, property forfeiture from Critelli's; a medical marijuana license; full immunity from arrest and prosecution for his own actions as disclosed in the complaint and through discovery; and a two paragraph apology letter from each Defendant's "CEO or head person in charge," in black ball-point pen on official letterhead. *Id.* at 14–16.

## III.    ANALYTICAL STANDARD

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing fees] or give security therefor." 28 U.S.C.

§ 1915(a)(1).   Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases.   *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). The Court shall dismiss the case if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.   28 U.S.C. § 1915(e)(2).   A cause of action is frivolous if it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)) (internal quotation marks omitted).   A court may dismiss a claim as factually frivolous if the facts alleged are "'fanciful,' 'fantastic,' and 'delusional'" or "rise to the level of the irrational or wholly incredible."   *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).

Moreover, while a *pro se* pleading should be liberally construed, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."   *Cobb v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1]   A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   The complaint must "nudge[] the[] claims across the line from conceivable to plausible."   *Id.* at 570.   Federal Rule of Civil Procedure 8 demands more than "an unadorned, the-defendant-has-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.    DISCUSSION

Although the Court previously instructed Smith to file an amended complaint and to "clearly delineate which factual allegations are relevant to which claim," Doc. No. 5, at 2, his amended

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.

complaint fails to comply with that directive and remains pled in shotgun format.[2]   Smith's noncompliance with the Court's order and presentation of a second shotgun pleading would justify dismissal of his complaint.

Nevertheless, this Court has considered the allegations in Smith's amended complaint, and concludes that Smith failed to adequately state a nonfrivolous claim.   First, Smith failed to plead adequate facts to plausibly suggest that he suffered a violation of the TVPA.   Second, 18 U.S.C. §§ 1344, 1346, and 1348 are criminal statutes that provide Smith with no private right of action. Each of those issues will be discussed in turn.   I will then discuss whether the Court should order Smith to show cause as to why, given his history of filing frivolous lawsuits, he should not be subject to a screening order.

### A.      Smith Has Failed to Plead a Plausible Claim Under the TVPA.

In his first count, Smith alleges that Defendants violated 18 U.S.C. § 1593A by

> knowingly benefit[ing], financially or by receiving anything of value including but not limited to [Smith]'s Exclusive Name and Likeness and Property, [through] participation in a venture . . . in violation of section 1581(a) by holding or returning [Smith] to poverty, [§] 1592 by knowingly destroying, concealing, removing, confiscating, or possessing any purported employee identification number ("EIN") for Tay as a[] Critelli's employee, or [§] 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation.

Doc. No. 10 ¶ 38.   Smith's statement is largely confusing, as is his designation of the count as one only for violations of § 1593A, given that the provision creates no distinct civil cause of action.   *See Stein v. World-Wide Plumbing Supply Inc.*, No. 13 Civ. 6795 (BMC), 2014 U.S. Dist. LEXIS 166757, at *18 (E.D.N.Y. Dec. 2, 2014).   Smith does, however, reference 18 U.S.C. § 1595(a) in

---

[2] The complaint's counts reincorporate all forty-six paragraphs pled before the counts, even though a number of those paragraphs relate to only to the allegations in one count, if any count at all.   *Id.* ¶¶ 37, 40.   The complaint also impermissibly includes multiple claims concerning violations of different statutory provisions in each count.   *See Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011).

the above-quoted paragraph.   That provision provides that an individual who suffers a violation of the TVPA may bring a civil action against the perpetrator in an appropriate district court.   *See* 18 U.S.C. § 1595(a).   Consequently, I construe Smith's complaint liberally assert that he raises his claims under § 1595(a) for violations of §§ 1581(a), 1592, and 1593A.   As will be discussed subsequently, Smith fails to plead a plausible claim under any of the relevant statutes, and consequently, he has failed to plead a plausible § 1595(a) claim.

> 1.   *Smith Has Failed to Plead Facts Plausibly Suggesting that Defendants Have Violated 18 U.S.C. § 1581(a).*

18 U.S.C. § 1581(a) provides for the imposition of criminal sanctions on any individual who "holds or returns any person to a condition of peonage."   As the Supreme Court has noted, peonage "is compulsory service in payment of a debt."   *Bailey v. Alabama*, 219 U.S. 219, 242 (1911).   "A peon is one who is compelled to work for his creditor until his debt is paid."   *Id.*   Peonage is clearly distinguishable from the voluntary performance of labor or provision of services in payment of a debt.   *Id.*   Indeed,

> [n]o matter how unpleasant the work, or the conditions under which services are provided, the critical inquiry for purposes of the TVPA is whether a person provides those services free from a defendant's physical or psychological coercion that as a practical matter eliminates the ability to exercise free will or choice.

*Muchira v. Al-Rawaf*, 1:14-cv-770 (AJT/JFA), 2015 U.S. Dist. LEXIS 59806, at *30–31 (E.D. Va. Apr. 15, 2015).   An indispensable element of peonage is indebtedness to the master, and a complaint that fails to indicate that a plaintiff's servitude was based upon indebtedness to a master fails to state a claim under 18 U.S.C. § 1581.   *See Turner v. Unification Church*, 473 F. Supp. 367, 375 (D.R.I. 1978).

Smith's amended complaint includes no allegations plausibly suggesting that any Defendant placed him in a state of peonage.   Nothing suggests that Smith's working was in any way

compulsory.   Indeed, the complaint makes clear that Smith approached Critelli's about the open position and that Smith was able to present his "working terms."   Doc. No. 10 ¶¶ 19–21.   Smith also chose when he would not provide his services.   *Id.* ¶ 21.   Critelli's threatened Smith with unemployment, and Smith ultimately chose to end his employment.   *Id.* ¶ 33.   The amended complaint contains no allegations indicating that Smith's employment with Critelli's was anything other than voluntary labor.   *See Bailey*, 219 U.S. at 242.   Moreover, Smith has alleged no facts indicating that he was indebted to Critelli's, his employer — and, consequently, that his work was a result of such indebtedness.

To be sure, Smith raises a number of criticisms with Critelli's pay practices, failure to conduct a background check, and treatment of employees.   *See, e.g.*, Doc. No. 10 ¶¶ 22, 24–26, 33–34.   Without more, however, those allegations are insufficient to give rise to a viable claim under the TVPA.   *See Muchira*, 1:14-cv-770 (AJT/JFA), 2015 U.S. Dist. LEXIS 49806, at *30–31.

The complaint similarly concludes no allegation that Smith was compelled to work for any other defendant in payment of a debt to that defendant.   Consequently, Smith's complaint does not plead sufficient facts concerning a violation of 18 U.S.C. § 1581(a).

>    2.    *Smith Has Failed to Plead Facts Plausibly Suggesting that Defendants Have Violated 18 U.S.C. § 1592.*

Under 18 U.S.C. § 1592, document servitude occurs when a defendant "knowingly destroy[],conceal[], remove[], confiscate[], or possess[] any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person" in the course of trafficking, peonage, slavery, involuntary servitude, or forced labor, or with the intent to commit such acts.   18 U.S.C. § 1592(a)(1)–(2); *see also United States v. Dann*, 652 F.3d 1160, 1173 (9th Cir. 2011).   Smith claims that Defendants "knowingly destroy[ed], conceal[ed], remov[ed], confiscat[ed], or possess[ed] any actual or purported employee

identification number ("EIN") for [Smith] as a[] Critelli's employee."   Doc. No. 10 ¶ 38.   The meaning of Smith's statement is largely unclear.   He seems, in essence, to contend that Critelli's failed to properly pay its taxes and that such an action violates 18 U.S.C. § 1592.

Smith's complaint, however, does not identify a single document that belongs to Smith that entered into the possession of Critelli's.   By the plain language of 18 U.S.C. § 1592, such a document is necessary for the provision to apply.   Smith's allegation that nondocumentary *information* was concealed is insufficient.

Moreover, as noted above, Smith's complaint contains no allegations plausibly suggesting that he was subject to trafficking, peonage, slavery, involuntary servitude, or forced labor in violation of the TVPA.   It also contains no allegation permitting a reasonable inference that Critelli's or any other defendant intended commit such acts.   Accordingly, Smith has failed to adequately plead that defendants have violated 18 U.S.C. § 1581(a).

3.   *Smith Has Failed to Plead Facts Plausibly Suggesting that Defendants Have Violated 18 U.S.C. § 1593A.*

Under 18 U.S.C. § 1593A, it is a criminal act to "knowingly benefit[], financially or by receiving anything of value, from participation in a venture which has engaged in" trafficking, peonage, slavery, involuntary servitude, or forced labor, "knowing or in reckless disregard of the fact that the venture has engaged in such violation."   Because Smith's amended complaint does not include allegations indicating that he was subjected to any of the above, he has failed to plead that defendants have benefitted from such conditions.   Consequently, he has not adequately pled a violation of § 1593A.

Smith has failed to adequately state a claim for the violation of any provision of the TVPA, and his related claims are due to be dismissed.

**B.      Smith Has No Private Cause of Action Under 18 U.S.C. §§ 1344, 1346, or 1348.**

Smith also asserts claims under 18 U.S.C. §§ 1344, 1346, and 1348.  Doc. No. 10 ¶¶ 40–42.  However, those are criminal statutes, and none of them provide Smith with a private right of action.  *See Marfut v. City of N. Port*, No. 09-13790, 2010 U.S. App. LEXIS 12365, at *5 (11th Cir. June 16, 2010) (§ 1346); *Troyer v. Hershberger*, No. 5:11cv2536, 2012 U.S. Dist. LEXIS 18419, at *21–22 (N.D. Ohio Feb. 14, 2012) (§ 1348); *Connell v. Regions Bank*, No. 5:07cv77/MCR/EMT, 2007 U.S. Dist. LEXIS 47018, at *6 (N.D. Fla. June 27, 2007) (§ 1344), *adopted by* 2007 U.S. Dist. LEXIS 56302 (N.D. Fla. Aug. 1, 2007).  His claims asserted pursuant to those statutes are, therefore, patently frivolous and due to be dismissed.

**C.      The Court Should Consider Ordering Plaintiff to Show Cause Why He Should Not Have His Access to Future Filings Limited.**

As judges in the Middle District of Florida have noted previously, Smith "and his sundry claims are no stranger to this Court."  *Smith v. Chairman of the Postal Serv. Bd. of Governors for the U.S. Postal Serv.*, No. 6:13-cv-516-Orl-22DAB, 2013 U.S. Dist. LEXIS 56455, at *1 (M.D. Fla. Apr. 3, 2013) (quoting *Smith v. Florida*, No. 12-cv-1385-Orl-28GJK, 2012 U.S. Dist. LEXIS 180126, at *2 (M.D. Fla. Dec. 3, 2012)), *adopted and modified by* 2013 U.S. Dist. LEXIS 56454 (M.D. Fla. Apr. 19, 2013).  In a previous report and recommendation, Magistrate Judge David A. Baker chronicled Smith's lengthy "history of filing meritless Complaints and the significant burden on the Court."[3]  *Id.* at *1–14.  Upon review of Judge Baker's report and recommendation, Chief

---

[3] Since the writing of Magistrate Judge Baker's report and recommendation, the burden of Smith's frivolous filings has also been extended to a number of other district courts.  *See Smith v. Obama*, No. 1:14cv802, 2015 U.S. Dist. LEXIS 6840 (M.D.N.C. Jan. 21, 2015) (dismissing a case on *in forma pauperis* review as frivolous and for failure to state a colorable claim); *Smith v. U.S. Dep't of Educ.*, No. 1:14cv468, 2014 U.S. Dist. LEXIS 116740 (M.D.N.C. Aug. 21, 2014) (dismissing a case as "frivolous or malicious" on *in forma pauperis* review, and rejecting Smith's

Judge Anne C. Conway advised Smith that "continued filings of meritless complaints will result in [a] limitation with *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386 (11th Cir. 1993)."   *Smith*, No. 6:13-cv-516-Orl-22DAB, 2013 U.S. Dist. LEXIS 56454, at *1.

If the other recommendations set forth in this Report and Recommendation are accepted, Smith will have yet again presented a complaint to this Court that has failed to survive a frivolity review.   Given his history of frivolous litigation and Chief Judge Conway's admonition, the Court should consider ordering Smith to show cause as to why he should not be subject to a screening order consistent with *Martin-Trigona*.

## V.   RECOMMENDATION

In light of the foregoing, I respectfully **RECOMMEND** that the Court **DENY** Smith's application to proceed *in forma pauperis* (Doc. No. 9).   I further **RECOMMEND** that the Court **DISMISS with prejudice** Smith's amended complaint (Doc. No. 10).   Moreover, I **RECOMMEND** that the Court consider ordering Smith to show cause why he should not be subject to a screening order consistent with *Martin-Trigona*.

Failure to file written objections to the proposed findings and recommendations contained

---

effort to circumvent an injunction issued by the Middle District of Florida), *adopted by* 2015 U.S. Dist. LEXIS 23867 (M.D.N.C. Feb. 27, 2015); *Smith v. Obama*, No. 14-1109, 2014 U.S. Dist. LEXIS 88858 (D.D.C. June 27, 2014) (dismissing a case on *in forma pauperis* review for lack of subject matter jurisdiction); *Tay v. Dash*, No. 14-cv-4047 (ARR) (LB), 2014 U.S. Dist. LEXIS 100785 (E.D.N.Y. July 22, 2014) (rejecting Smith's effort to circumvent an injunction issued by the Middle District of Florida and dismissing his complaint as frivolous).

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

      Recommended in Orlando, Florida on May 5, 2015.

*Karla R. Spaulding*
_____

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Courtroom Deputy Clerk
Unrepresented Party